White, J.
 

 Plaintiff appeals as of right from an order granting summary disposition in favor of defendants Hull and Michigan Homeowner Construction Lien Recovery Fund (hereinafter the fund),
 
 [1]
 
 under MCR 2.116(C)(10). We affirm in part, reverse in part, and remand.
 

 
 *444
 
 Defendant Gary Hull contracted with Joseph Passalacqua of Passalacqua Builders, Inc. (Passalacqua), for construction of a home. Plaintiff provided lumber materials for the construction. Hull paid Passalacqua in full for the work done by Passalacqua. Plaintiff alleged that Passalacqua failed to pay MPC for all the materials plaintiff supplied for the Hull project and sought to enforce its claim through the imposition of a construction lien pursuant to the Construction Lien Act (hereinafter the act), MCL 570.1101
 
 et seq.-,
 
 MSA 26.316(101)
 
 et seq.
 
 Defendants sought to defeat plaintiff’s lien on the basis of plaintiff’s failure to file a timely notice of furnishing.
 

 The circuit court granted summary disposition for both Hull and the fund on the basis that “failure to furnish the proper notice defeats the lien against the state.”
 

 A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim and is subject to review de novo.
 
 Smith v Globe Life Ins Co,
 
 460 Mich 446, 454; 597 NW2d 28 (1999). The moving party bears the initial burden to support its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the nonmoving party to establish that a genuine issue of disputed fact exists. The court must consider affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in the light most favorable to the nonmovant.
 
 Id.
 
 at 454-455, quoting
 
 Quinto v Cross & Peters Co,
 
 451 Mich 358, 362-363; 547 NW2d 314 (1996).
 

 Section 109 of the act, MCL 570.1109; MSA 26.316(109), provides in pertinent part:
 

 
 *445
 
 (1) Except as otherwise provided in sections 108, 108a, and 301, a subcontractor or supplier who contracts to provide an improvement to real property shall provide a notice of furnishing to the designee and the general contractor, if any, as named in the notice of commencement at the address shown in the notice of commencement, either personally or by certified mail, within 20 days after furnishing the first labor or material. If a designee has not been named in the notice of commencement, or if the designee has died, service shall be made upon the owner or lessee named in the notice of commencement.
 

 Section 108a, MCL 570.1108a; MSA 26.316(108a), provides in pertinent part:
 

 (1) An owner or lessee contracting for an improvement to a residential structure shall prepare and provide a notice of commencement to a contractor, subcontractor, supplier, or laborer who has made a written request for the notice pursuant to this section.
 

 (5) The owner, lessee, or designee, within 10 days after the date of mailing of a written request by certified mail from a contractor, subcontractor, supplier, or laborer, shall prepare and provide a copy of the notice of commencement, together with an attached blank notice of furnishing form, to the contractor, subcontractor, supplier, or laborer requesting a copy of the notice of commencement. A contractor, subcontractor, supplier, or laborer who requests a notice of commencement from an owner or lessee of a residential structure shall supply a blank notice of commencement form together with the attached blank notice of furnishing to the owner or lessee at the time the request is made.
 

 (6) A contractor who has been provided with a notice of commencement from the owner, lessee, or designee, within 10 days after the date of mailing of a written request by certified mail from a subcontractor, supplier, or laborer who has a direct contract with the contractor, shall provide a
 
 *446
 
 copy of the notice of commencement, together with an attached blank notice of furnishing form, to the subcontractor, supplier, or laborer requesting a copy of the notice of commencement. If the contractor has not been provided a notice of commencement, the contractor shall provide such subcontractor, supplier, or laborer the name and address of the owner or lessee.
 

 * * *
 

 (8) If the owner, lessee, or designee has received a blank notice of commencement form pursuant to subsection (5) and if the owner or lessee does not currently reside at the real property described in the notice of commencement, the owner, lessee, or designee shall post a copy of the notice of commencement in a conspicuous place on the real property during the course of the actual physical improvement to the real property.
 

 (9) Failure of the owner, lessee, or designee to provide, upon written request, the notice of commencement, in accordance with this section, shall operate to extend the time within which a subcontractor or supplier may provide a notice of furnishing, as described in section 109, until 20 days after the notice of commencement actually has been furnished to the subcontractor or laborer.
 

 * * *
 

 (11) Failure of the owner, lessee, or designee to post or keep posted a copy of the notice of commencement as provided in subsection (8) shall render the owner or lessee liable to the subcontractor, supplier, or laborer who becomes a lien claimant for all actual expenses sustained by the lien claimant in obtaining the information otherwise provided by the posting.
 

 (12) Failure of a contractor, who has been provided with a notice of commencement from the owner, lessee, or designee, to provide the notice of commencement upon the request of the lien claimant who has a contract with the contractor for an improvement to the property shall render the contractor liable to the lien claimant for all actual expenses sustained by the lien claimant in obtaining the
 
 *447
 
 information otherwise provided by the notice of commencement. Failure of a contractor to provide the name and address of the owner or lessee in accordance with subsection (6) shall render the contractor liable to the lien claimant for all actual expenses sustained by the lien claimant in obtaining the name and address of the owner or lessee.
 

 It is undisputed that plaintiff failed to provide a notice of furnishing until approximately one year after first supplying materials for the project. Plaintiff argues that because it requested a notice of commencement on the first day it delivered materials and received no response, and because Hull failed to post the notice of commencement at the construction site, plaintiff was relieved of the § 109 requirement of filing a notice of furnishing within twenty-days of first supplying material. We disagree.
 

 Here, plaintiff sent the request for a notice of commencement to Passalacqua, the contractor, not Hull, the owner. Hull therefore had no obligation to provide plaintiff with a notice of commencement. MCL 570.1108a(1), (5); MSA 26.316(108a)(1), (5). Thus, the tolling provisions of subsection 108a(9) are not applicable. Further, Hull was not required to post a notice of commencement under subsection 8 because he received no request under subsection 5. In contrast, Passalacqua, who had not been provided with a notice of commencement, but was sent a supplier’s request for a notice of commencement, was required under subsection 6 to provide plaintiff with Hull’s name and address. The act is quite specific regarding the consequences of an owner’s, contractor’s, or subcontractor’s failure to comply with the various duties imposed by subsection 108a. The statutory noncompliance allegedly at issue here, the owner’s failure to
 
 *448
 
 post, and the contractor’s failure to provide the owner’s name and address, are remedied under the statute not by extending the time for filing the notice of furnishing, but by the imposition of liability on the neglectful party for the expenses incurred by the requesting party in discovering the information. MCL 570.108a(11), (12); MSA 26.316(108a)(11), (12). Plaintiff could have protected itself by filing a timely notice of furnishing. If plaintiff was unable to determine on its own
 
 [2]
 
 the owner of the property, it could have protected itself by refusing to deliver further materials to the job until it was provided with a notice of commencement or the owner’s name and address.
 

 Plaintiff further contends that because it was listed as a materials supplier on sworn statements provided to Hull by Passalacqua under § 110, Hull was on notice that plaintiff was a potential lien claimant. Relying on
 
 Vugterveen Systems, Inc v Olde Millpond Corp,
 
 454 Mich 119, 122; 560 NW2d 43 (1997), plaintiff argues that the purpose of providing a notice of furnishing was satisfied, obviating the need to formally comply with the statute. We reject this assertion as inconsistent with the statute.
 

 Subsection 109(6), MCL 570.1109(6); MSA 26.316(109)(6), provides in pertinent part:
 

 The
 
 failure of a lien claimant, to provide a notice of furnishing
 
 within the time specified in this section
 
 shall not defeat the lien claimant’s right
 
 to a construction lien for
 
 *449
 
 work performed or materials furnished by the lien claimant before the service of the notice of furnishing
 
 except to the extent that payments were made by
 
 or on behalf of
 
 the owner
 
 or lessee
 
 to the contractor pursuant to
 
 either
 
 a contractor’s sworn statement
 
 or a waiver of hen in accordance with this act for work performed or material delivered by the lien claimant. [Emphasis added.]
 

 This section provides that a failure to provide a notice of furnishing defeats the lien claimant’s right to a lien for work performed before providing the notice to the extent payments were made by the owner to the contractor pursuant to a sworn statement or a waiver of lien.
 

 Subsection 110(7), MCL 570.1110(7); MSA 26.316(110)(7), provides:
 

 An owner, lessee, designee, mortgagee, or contractor may rely on a sworn statement prepared by a party other than himself or herself to avoid the claim of a subcontractor, supplier, or laborer unless the subcontractor, supplier, or laborer has provided a notice of furnishing as required by section 109 or unless the notice of furnishing is excused pursuant to section 108 or 108a.
 

 Plaintiff’s argument is inconsistent with these sections. Under § 109, a failure to file a notice of furnishing deprives the supplier of a lien for materials for which the owner paid the contractor pursuant to a sworn statement. If the existence of the sworn statement identifying the supplier as a supplier removed the penalty attendant to the failure to file a timely notice of furnishing, this aspect of subsection 109(6) would be negated, i.e., there would be no penalty because the sworn statement would remove the obligation to file the noticé of furnishing. Similarly, subsection 110(7) permits the owner to rely on the sworn
 
 *450
 
 statements of others with respect to payments to lien claimants who have not filed a notice of furnishing, but not with respect to payments to lien claimants who have. Plaintiff’s argument that a sworn statement obviates the need to file a notice of furnishing would eliminate the distinction drawn in this section. Further,
 
 Vugterveen
 
 is vastly different from the instant case. In
 
 Vugterveen,
 
 the plaintiff subcontractor had a direct discussion with the owner before continuing the work. There was no such discussion in the instant case. Plaintiff relies only on the sworn statements as constituting substantial compliance with the notice of furnishing requirement. As shown above, this is inconsistent with the act.
 

 Plaintiff’s final argument is that a residential owner’s payment to the contractor of the full contract price does not eliminate the existence of a valid lien claim against the fund. We agree.
 

 Subsection 1 of § 203 of the act, MCL 570.1203; MSA 26.316(203), provides:
 

 A claim of construction lien shall not attach to a residential structure, to the extent payments have been made, if the owner or lessee files an affidavit with the court indicating that the owner or lessee has done all of the following:
 

 (a) Paid the contractor for the improvement to the residential structure and the amount of the payment.
 

 (b) Not colluded with any person to obtain a payment from the fund.
 

 (c) Cooperated and will continue to cooperate with the department in the defense of the fund.
 

 Subsection 3 of § 203 provides that where an owner has met the statutory requirements to avoid the attachment of a lien to the owner’s property, potential
 
 *451
 
 lien claimants may recover from the fund if they prove
 

 inter alia, that they would be entitled to a lien but for subsection 203(1), [that is,] that the owner paid the contractor or subcontractor who retained or used the proceeds without paying them, that they were members of the fund, that they complied with any applicable licensing acts, and that the contractor or subcontractor with whom they contracted was licensed if required by law to be licensed.
 
 [Horton v Verhelle,
 
 231 Mich App 667, 673; 588 NW2d 144 (1998), overruled in part on other grounds
 
 Smith, swpra
 
 at 455-456, n 2, citing MCL 570.1203(3); MSA 26.316(203)(3).]
 

 When a claimant has met these statutory requirements, the claimant may file a claim, but the Attorney General is required to defend the fund and may assert any defense that would have been available to the owner. MCL 570.1203(5); MSA 26.316(203)(5). Thus, while the owner’s payment in full to the general contractor may relieve the
 
 owner
 
 of liability to other claimants, it does not necessarily preclude recovery from the fund.
 

 In the present case, as in
 
 Horton, supra,
 
 the fund has raised the defense that plaintiff failed to file a notice of furnishing.
 
 [3]
 
 Under subsection 109(6), the claim of hen is defeated only to the extent the owner has made payments to the contractor pursuant to a contractor’s sworn statement or a waiver of lien in accordance with the act.
 
 Id.
 
 at 674. In
 
 Horton,
 
 the Court noted that the statements on which the owner
 
 *452
 
 relied were defective, in part because they were not sworn. Therefore, the Court concluded that the subcontractors’ claims were not defeated in spite of their failure to provide a timely notice of furnishing. As in Horton, plaintiff’s failure to provide a timely notice of furnishing does not preclude collection under the fund except to the extent that Hull paid Passaiacqua for material delivered by plaintiff
 
 pursuant to valid sworn statements or waivers of lien.
 

 To the extent that the circuit court ruled that plaintiff had not substantially complied with the notice requirement, we affirm. However, we must reverse and remand because we are unable on this record to determine whether plaintiff is entitled to recover from the fund. On remand, the court shall determine whether there has been compliance with the requirements of § 203, and, if so, the court shall examine the sworn statements and determine whether amounts remain owing to plaintiff after applying the provisions of subsection 6 of § 109. We do not retain jurisdiction.
 

 [1]
 

 A default judgment for the amount plaintiff claims it is owed was entered against Joseph Passalacqua and Passalacqua Builders, Inc., jointly and severally. These parties are not involved in the present appeal.
 

 [2]
 

 There is no evidence or claim that plaintiff sought to discover the identity and address of the owner of the property to which the materials were delivered by examining public records or hiring an investigator. Under the act, Passalacqua would have been responsible for these expenses.
 

 [3]
 

 We observe that it is somewhat unclear what the fund’s defense is to this issue. The fund did not respond directly to plaintiff’s last argument (issue iv), except to argue against a liberal construction of the act that would relieve plaintiff of its clear statutory obligation. The fund did not file a supplemental brief after
 
 Horton
 
 was decided.