# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY AND ELISE CURTISS LIVING TRUST
and DONALD E. SHEPARD, JR.,

        Plaintiffs-Appellees,

v

MARY ANN SZOTKO, f/k/a MARY ANN
RENICO, DAVID G. SILVA, and IRENE
SZOTKO TRUST,

        Defendants-Appellants.

UNPUBLISHED
January 19, 2016

No. 324558
Montcalm Circuit Court
LC No. 2012-016162-CK

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendants appeal from an order of the circuit court granting summary disposition in favor of plaintiffs on their complaint seeking specific performance on a real estate purchase agreement. We affirm.

Defendants listed property located in Montcalm County for sale with Meidema Auctioneering. The auction was conducted on April 18, 2012, and plaintiffs were the high bidder. But the bid amount was less than the reserve price set by defendants. Nonetheless, after the auction a purchase agreement was entered into. Thereafter, defendants refused to complete the sale and plaintiffs filed the instant action. After a number of unsuccessful motions for summary disposition, plaintiffs eventually prevailed and the trial court granted summary disposition, concluding that plaintiffs were entitled to specific performance of the contract. Defendants now appeal.

Defendants' first argument on appeal is that the trial court erred in granting plaintiffs summary disposition because Irene Szotko never signed the purchase agreement. We disagree. We review the trial court's grant of summary disposition de novo, viewing the evidence in the light most favorable to the nonmoving party to determine if a genuine issue of material fact exists. *MPC Cashway Lumber Co v Hull*, 238 Mich App 441, 444; 606 NW2d 392 (1999).

While it is undisputed that Irene Szotko never signed the purchase agreement, contrary to defendants' assertion in their brief, it is disputed that Irene had an ownership interest in the property. Based upon the statement made by Carol Grzybowski, daughter of Irene Szotko and

-1-

the co-trustee of the Irene Szotko Trust, in her deposition, the trial court concluded that Irene and her trust had no interest in the property.[1]  Specifically, Grzybowski testified that her mother had, shortly before her death, quit claimed her interest in the property to Mary Szotko.  And, more to the point, she testified that the Trust had no interest in the property and that she was willing to sign any documents necessary to "clean up title" and "get the Trust out of the case."

Furthermore, plaintiffs have produced the referenced quit claim deeds.  On the other hand, defendants have pointed to no evidence to establish that Irene Szotko, or her trust, retained any ownership interest in the property beyond a hand-written, unsworn, letter to the trial judge signed by Irene Szotko and dated two months after the quit claim deeds in which Irene claims ownership of ten of the acres involved in this litigation.

In light of this evidence, we are not persuaded that the trial court erred in concluding that there was no genuine issue of material fact that neither Irene Szotko, nor her trust, retained an ownership interest in the land.  Accordingly, her failure to sign the purchase agreement is not a basis to deny plaintiffs summary disposition.

Next, defendants argue that the purchase agreement was invalid because it was not signed by both of the co-trustees of the Larry & Elise Curtiss Living Trust.  We disagree.  The trial court concluded that the signature of one of the trustees, Larry Curtiss, was sufficient to bind the trust.  Defendants cite MCL 700.7406(4) for the proposition that, when there are two co-trustees, both must agree on an action taken.  But, in addition to the fact that there is no subsection (4) to MCL 700.7406, that section has nothing to do with the authority of co-trustees; rather, it deals with the topic of a trust created by fraud, duress or undue influence.  Defendants also reference MCL 700.7703(1) and (5).  Subsection (1) states that co-trustees act by majority decision and subsection (5) states that a trustee may delegate to a co-trustee the power to act.  Defendants then argue that there has been no representation that Elise Curtiss ever delegated any authority to Larry Curtiss.  But, to the contrary, defendants produce no evidence that the co-trustees did not decide to make the offer by majority decision; that is, there is no evidence that Elise Curtiss voted against the trust's making the offer.  Moreover, plaintiffs cite to no authority that supports the proposition that, once the trustees decided to take that action, it could not be carried out by one of the trustees.  Finally, and perhaps most importantly, this is not an issue for defendants to raise.  That is, even assuming that Larry Curtiss exceeded his authority as a trustee, that is an issue for the trust to raise as grounds to avoid the purchase agreement, not for defendants to raise to avoid the purchase agreement.  That is, the propriety of Larry Curtiss' actions is a matter between him and the trust, his co-trustee and the beneficiaries of the trust.

Defendants' third argument is that they are entitled to rescission of the purchase agreement based upon fraud in the inducement, and therefore the trial court erred in granting plaintiffs summary disposition.  We disagree.  Defendants base their argument on the fact that

---

[1] Both Szotko and her trust had been added as defendants.  Later, after Szotko's death, she was dismissed from the litigation, the trial court concluding that her interests were represented by the trust.

the terms of the purchase agreement was that plaintiffs would purchase the property on a land contract, the terms of which provided for a 20-year amortization, with a balloon payment in 10 years, at 7% interest. But, before closing, plaintiffs indicated that they would be paying cash at closing.

Defendants' argument fails for at least two reasons. First, the trial court's order requires a closing "pursuant to the original purchase agreement" and plaintiffs indicate that they are ready, willing and able to close on the terms in the purchase agreement, i.e., by land contract. Second, even if the trial court's order may be construed as allowing for plaintiffs to close the sale by paying the full purchase price in cash at closing, to require that they enter into a land contract instead would exalt form over substance. That is, nothing in the purchase agreement or the proposed land contract contains any restrictions on the prepayment of the principal. So, even if plaintiffs' intent is to enter into a cash sale, they could simply execute the land contract and then immediately tender payment of the remaining interest and pay off the land contract. In any event, defendants may insist upon the execution of the land contract, and we leave it to plaintiffs to decide if they wish to prepay any or all of the outstanding principal after the land contract is executed.

Finally, defendants argue that the trial court erred in defaulting Mary Szotko for refusing to engage in mediation. We need not address this issue because it is moot. We concluded above that plaintiffs were, in fact, entitled to summary disposition. And, because Mary Szotko was able to participate in this appeal and present any argument that she might have regarding why plaintiffs were not entitled to summary disposition, the fact that a default was entered against her in the trial court ultimately did not affect the outcome of this case. Therefore, even if we were to conclude that entering a default was not an appropriate sanction, that would not change the outcome of this case.

Affirmed. Plaintiffs may tax costs.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey